IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| THE DURHAM WOOD FIRED PIZZA COMPANY LLC d/b/a DASHI; NANASTEAK LLC; ANGLE MANAGEMENT LLC d/b/a THE COOKERY; and PONYSAURUS BREWING LLC, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:25-CV-492 |
| THE CINCINNATI INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, Chief District Judge.

The plaintiffs, four Durham, North Carolina restaurants, have filed suit against the defendant, The Cincinnati Insurance Company, over denials of their insurance claims resulting from losses sustained during the COVID-19 pandemic lockdowns. Cincinnati Insurance moves to dismiss two of the plaintiffs' four causes of action for failure to state a claim. Because the plaintiffs have not alleged facts that make these claims plausible, the motion will be granted. But the plaintiffs will be allowed 10 days to file an amended complaint directed to aspects of these claims.

I.  **Facts Alleged and Procedural Overview**

In March of 2020, in the face of a deadly virus sweeping the world, the governments of North Carolina and the City of Durham, like state and local governments

across the country, imposed severe restrictions on public gatherings in an effort to slow the spread of the disease. Doc. 4 at ¶¶ 3–6 & n.2–3. The lockdown restrictions imposed immediate hardships on restaurants, which were unable to serve sit-down customers but remained obligated to pay rent and other expenses despite empty dining rooms. *Id.* at ¶¶ 3, 6.

On April 24, 2020, the plaintiffs filed business interruption claims under their commercial property insurance policies with Cincinnati Insurance. *Id.* at ¶¶ 8, 12–13, 16. Cincinnati Insurance denied the plaintiffs' claims, taking the position that absent direct physical loss or damage, the business interruption clauses in the plaintiffs' policies did not provide coverage under North Carolina law. *Id.* at ¶ 14.

The parties began litigating the validity of the claims in North Carolina state court. *See id.* at ¶ 43. They soon agreed to put their case on hold until the North Carolina Supreme Court resolved the interpretation of a "materially identical" policy provision in a related case: *N. State Deli, LLC v. Cincinnati Ins. Co.* ("*North State Deli III*"), 386 N.C. 733, 908 S.E.2d 802 (2024). Doc. 4 at ¶¶ 15, 43.

In *North State Deli*, the trial court ruled in favor of the restaurants. *N. State Deli, LLC v. Cincinnati Ins. Co.* ("*North State Deli I*"), No. 20-CVS-2569, 2020 WL 6281507, at *3–4 (N.C. Super. Oct. 9, 2020). The North Carolina Court of Appeals reversed. *N. State Deli, LLC v. Cincinnati Ins. Co.* ("*North State Deli II*"), 284 N.C. App. 330, 332– 34, 875 S.E.2d 590, 592–93 (2022). But the North Carolina Supreme Court then held for the plaintiffs, holding that the business interruption clause at issue did cover losses caused by COVID-era government policies. *North State Deli III*, 386 N.C. at 735.

2

Even though *North State Deli III* allegedly resolved the coverage dispute, the parties did not resolve the insurance claims at issue here, and the plaintiffs refiled this case in North Carolina state court. Doc. 4. They assert four causes of action against Cincinnati Insurance: (1) declaratory judgment, *id.* at ¶¶ 101–108; (2) breach of contract, *id.* at ¶¶ 109–113; (3) breach of the implied covenant of good faith and fair dealing, *id.* at ¶¶ 114–119; and (4) violations of the North Carolina Unfair and Deceptive Trade Practices Act. *Id.* at ¶¶ 120–126. Cincinnati Insurance then removed the case to this court based on diversity of citizenship. Doc. 1. It now moves to dismiss the breach of the implied covenant of good faith and fair dealing and the unfair trade practices causes of action for failure to state a claim. Doc. 12.

## II. Discussion

When considering motions under Rule 12(b)(6), district courts "view the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded allegations." *Hammock v. Watts*, 146 F.4th 349, 359 (4th Cir. 2025). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Legal conclusions "must be supported by factual allegations" that amount to more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *Id.* at 678–79 (cleaned up). A plaintiff is not required to prove its case in the complaint, *see, e.g.*, *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012), but the complaint's allegations should "allow the court to draw a reasonable inference that the defendant is

liable for the misconduct alleged." *Int'l Refugee Assistance Project v. Trump*, 961 F.3d 635, 648 (4th Cir. 2020) (cleaned up).

### A. Breach of the Implied Covenant of Good Faith & Fair Dealing

"In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." *Bicycle Transit Auth., Inc. v. Bell*, 314 N.C. 219, 228, 333 S.E.2d 299, 305 (1985) (cleaned up).[1] Every party to a contract has a duty "to act in good faith and to make reasonable efforts to perform his obligations under the agreement." *Weyerhaeuser Co. v. Godwin Bldg. Supply Co.*, 40 N.C. App. 743, 746, 253 S.E.2d 625, 627 (1979).

The plaintiffs allege that in 2020 the defendant denied their claims in bad faith because it made a "company-wide decision to deny all coronavirus-related business interruption claims without conducting an individual investigation into such claims." Doc. 4 at ¶ 117. But the complaint also alleges and attaches exhibits showing that the alleged blanket denial policy was based on Cincinnati Insurance's interpretation of the relevant policy provisions. *See, e.g.*, *id.* at pp. 62–69 (Nanasteak coverage decision letter), ¶¶ 92–93, 96.[2] The plaintiffs do not allege that an investigation would have

---

[1] A federal court sitting in diversity applies the choice of law rules of the state in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Cassirer v. Thyssen-Bornemisza Collection Found.*, 596 U.S. 107, 115 (2022). Here, as both parties agree, that means North Carolina law governs. *See* Docs. 13, 26.

[2] In evaluating a motion to dismiss, courts may consider documents attached to the complaint as exhibits. *Conner v. Cleveland Cnty.*, 22 F.4th 412, 428 (4th Cir. 2022).

4

turned up any facts that would have affected Cincinnati Insurance's decision on their claims.

The scope of the business interruption clause in the plaintiffs' policies is a question on which reasonable minds could disagree, as is obvious from the fact that the North Carolina Court of Appeals, interpreting language alleged to be identical to the policy language here, decided that there was no coverage absent physical loss or damage. *Compare North State Deli I*, 2020 WL 6281507, *and North State Deli III*, 386 N.C. 733, *with North State Deli II*, 284 N.C. App. 330. Reasonable disagreement does not amount to a breach of the duty of good faith and fair dealing. *See Lovell v. Nationwide Mut. Ins. Co.*, 108 N.C. App. 416, 421, 424 S.E.2d 181, 185 (1993). To the extent the plaintiffs' breach of the implied covenant of good faith and fair dealing claim is based on the 2020 denial of coverage decision, it does not state a claim.

In their briefing, the plaintiffs also base their claim on the failure of the defendant to pay their claims after the North Carolina Supreme Court's decision in *North State Deli III* made it clear that there was coverage. Doc. 26 at 6–7. The plaintiffs do allege in the complaint that Cincinnati Insurance has not attempted to settle in good faith post-*North State Deli III*, Doc. 4 at ¶ 123(d), but they do not allege specific facts to support this claim. They allege that settlement negotiations occurred, *id.* at ¶ 45, but they do not allege that Cincinnati Insurance offered to pay nothing, nor do they allege any facts tending to show that the amount Cincinnati Insurance did offer, if anything, was so low as to be in bad faith. Similarly, while they allege that Cincinnati Insurance is not paying the claim now in hopes that the delay caused by the litigation will force the plaintiffs out of

5

business, *id.* at ¶ 119, they allege no facts tending to make this claim plausible. There are no facts alleged tending to indicate that Cincinnati Insurance implicitly or explicitly agreed to pay if *North State Deli* was resolved against the insurer, no facts alleged as to whether Cincinnati Insurance did or did not ever mention other problems with coverage, and no facts setting forth any explanations Cincinnati Insurance has given for continuing to refuse to pay the plaintiffs' claims.

One can imagine facts that might support a claim based on Cincinnati Insurance's actions and inactions post-*North State Deli III*. But speculation is not the standard. The conclusory allegations in the complaint are insufficient to state a claim for breach of the duty of good faith and fair dealing.³

In their brief, the plaintiffs make a few additional factual assertions, but those facts are not in the complaint. *See, e.g.*, Doc. 26 at 6 (asserting Cincinnati Insurance has "flatly refused to substantively acknowledge plaintiffs' requests" for coverage and has "ignored the applicability of" *North State Deli III*). But "[a] complaint cannot be amended by assertions in a brief." *Garris v. Gober*, No. 10-CV-504, 2013 WL 4502261,

---

³ The parties disagree about the elements of the cause of action for breaching the implied covenant of good faith and fair dealing. *Contrast* Doc. 13 at 5, *and* Doc. 30 at 1, *with* Doc. 26 at 13. The Court need not resolve this dispute now, since the factual allegations are so conclusory that they do not meet the elements as the defendant contends, Doc. 13 at 5; Doc. 30 at 1, as the plaintiff contends, Doc. 26 at 13, or otherwise. *See generally Universal Preservachem, Inc. v. Coim USA Inc.*, No. 24-CV-763, 2025 WL 2549267, at *6 (M.D.N.C. Sep. 4, 2025) (Mag. J. Mem. Op. and Recommendation), *adopted*, 2025 WL 2734583 (Sep. 25, 2025) (noting that this cause of action generally requires a showing of bad faith); *Intersal, Inc. v. Wilson*, No. 15-CVS-9995, 2023 WL 2193851, at *25 (N.C. Super. Feb. 23, 2023) ("'Evasion of the spirit of the bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, and interference with or failure to cooperate in the other party's performance' may constitute breach of the implied covenant." (quoting Restatement (Second) of Contracts § 205 cmt. d (A.L.I. 1981))).

at *2 (M.D.N.C. Aug. 22, 2013). Because the plaintiffs' brief suggests that there may be facts related to the more recent claim denial beyond those alleged in the complaint, the Court will allow the plaintiffs ten days to file an amended complaint alleging more facts to support this aspect of this claim, if they have a basis for such allegations and want to pursue this claim.

## B. Unfair Trade Practices

"The elements of a claim for unfair or deceptive trade practices . . . are (1) an unfair or deceptive act or practice or an unfair method of competition; (2) in or affecting commerce; (3) that proximately causes actual injury to the plaintiff or to his business." *RD & J Props. v. Lauralea-Dilton Enters., LLC*, 165 N.C. App. 737, 748, 600 S.E.2d 492, 500 (2004). "Although it is a question of fact whether the defendant performed the alleged acts, it is a question of law whether those acts constitute an unfair or deceptive trade practice." *First Union Nat'l Bank v. Brown*, 166 N.C. App. 519, 533, 603 S.E.2d 808, 818 (2004). The acts listed in N.C. Gen. Stat. § 58-63-15(11) are *per se* unfair and deceptive. *See Gray v. N.C. Ins. Underwriting Ass'n*, 352 N.C. 61, 71, 529 S.E.2d 676, 683 (2000); *see also Barbour v. Fidelity Life Assoc.*, 361 F. Supp. 3d 565, 573 (E.D.N.C. 2019).

The plaintiffs allege that Cincinnati Insurance failed to implement reasonable standards for investigating their claims, refused to conduct a reasonable investigation before denying their claims, failed to affirm or deny coverage of their claims within a reasonable amount of time, and did not make good faith efforts to promptly settle their claims after *North State Deli III* made liability reasonably clear. Doc. 4 at ¶ 123.

7

As discussed *supra* at 4–5, it is apparent from the plaintiffs' own allegations and the exhibits attached to their complaint that Cincinnati Insurance denied their claims in 2020 based on its interpretation of the business interruption clause. *See* Doc. 4 at pp. 56–98, ¶¶ 94–99. Under North Carolina law, proximate cause requires that the plaintiff's injuries would not have occurred but for the defendant's actions. *See Hairston v. Alexander Tank & Equip. Co.*, 310 N.C. 227, 233, 311 S.E.2d 559, 565 (1984). The complaint itself alleges that the defendant, based on its interpretation of the policy language, had made up its mind on categorically denying claims like the plaintiffs' before it had even received them. Doc. 4 at ¶ 96 (alleging that the defendant's interpretation of the business interruption clause meant that the results of the investigation were "a foregone conclusion."). The facts alleged do not support a plausible inference that the way Cincinnati Insurance carried out its investigation proximately caused the plaintiffs' alleged injuries.

Similarly, the plaintiffs' allegations about how long it took Cincinnati Insurance to process their claims do not plausibly state a § 75-1.1 claim. The complaint alleges that the plaintiffs filed their first claims on April 24, 2020. *Id.* at ¶ 16. Cincinnati Insurance issued a denial of coverage letter to Nanasteak on June 2, 2020, to The Cookery on June 10, 2020, and to Dashi and Ponysaurus on June 18, 2020. *Id.* at ¶¶ 97–99. The plaintiffs do not allege any facts tending to plausibly indicate that a claims processing time of less than two months constitutes an unreasonable delay in denying coverage. *See Iqbal*, 556 U.S. at 679 (directing courts to assess plausibility based on experience and common sense).

8

And finally, as pled, the plaintiffs' last unfair and deceptive trade practice allegation does not state a § 75-1.1 claim. They assert that Cincinnati Insurance has not attempted "in good faith to effectuate prompt, fair, and equitable settlements of" their claims in which liability has become reasonably clear. Doc. 4 at ¶ 123(d). If plausibly alleged with sufficient facts, that conduct would violate § 58-63-15(11)(f) and would constitute an unfair trade practice. *See Gray*, 352 N.C. at 71. It is certainly plausible that *North State Deli III* reasonably established Cincinnati Insurance's liability on the plaintiffs' business interruption claims. But the plaintiffs have alleged only that despite settlement negotiations, Doc. 4 at ¶ 45, Cincinnati Insurance has not paid their claims in full. There is no mention, for example, of what amounts, if any, Cincinnati Insurance offered to pay, if any, or what terms or conditions it imposed on such payment. *Cf. Gray*, 352 N.C. at 71–73 (discussing evidence sufficient to uphold a jury finding of bad faith failure to settle).

As with their claim based on the implied covenant of good faith and fair dealing, they have not alleged any specific facts tending to show that Cincinnati Insurance has not attempted in good faith to effectuate prompt, fair, and equitable settlements of their claims. And as with the breach of the implied covenant claim, the Court will give the plaintiffs ten days to file an amended complaint supplementing its factual allegations on the post-*North State Deli III* unfair trade practices claim, if there is a basis for such allegations and the plaintiffs want to pursue that claim.

It is **ORDERED** that the defendant's motion to dismiss, Doc. 12, is **GRANTED** and the plaintiffs' third cause of action (breach of the implied covenant of good faith and

fair dealing) and fourth cause of action (unfair and deceptive trade practices) will be **DISMISSED**, subject to the filing of an amended complaint within ten days containing additional factual allegations related to the renewed denial of claims post-*North State Deli III*.

The parties **SHALL** continue with discovery according to the schedule set by the Magistrate Judge. Early mediation, as the parties have agreed, seems like a good idea.

This the 4th day of December, 2025.

_____
UNITED STATES DISTRICT JUDGE